### BAMBERGER–STERN CO. v. PARIS.

(Supreme Court, Appellate Term, First Department. June 14, 1916.)

EXECUTION ⬄391—SUPPLEMENTARY PROCEEDINGS—VACATION OF ORDER.

Under Code Civ. Proc. § 2433, an order vacating an order for the examination of a judgment debtor in supplementary proceedings and awarding costs to the judgment debtor, not made by the judge who made the original order, was without authority.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1142, 1143, 1145; Dec. Dig. ⬄391.]

Appeal from City Court of New York, Special Term.

Action by the Bamberger-Stern Company against Marie Paris. From an order of the City Court vacating an order for the examination of the judgment debtor, Marie Paris, in supplementary proceedings, and awarding costs to the judgment debtor, and from a judgment order denying the application of the judgment creditor, Bamberger-Stern Company, to so resettle the vacating order as to provide that costs awarded be applied on the judgment the judgment creditor appeals. Order vacating the order for the examination of the judgment debtor reversed. Order denying motion for resettlement of the vacating order reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Paskus, Gordon & Hyman, of New York City, for appellant.
Samuel J. Joseph, of New York City, for respondent.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PHILBIN, J. The order vacating the order for the debtor's examination was made by a judge who had not made the original order and was based upon the papers upon which the latter was granted. The vacating of the order was without authority, as it could only have been vacated under the existing conditions by the judge who made it. Code Civ. Proc. § 2433.

Order vacating the order for the examination of the judgment debtor reversed, with $10 costs and disbursements, and the proceedings remitted to the court below for the purpose of fixing a date for the examination. Order denying motion for resettlement of the vacating order reversed. All concur.