ALFRED L. HECHT, Plaintiff, *v.* HARRY A. SANGER, Defendant.

City Court of New York, March 19, 1926.

Executions — supplementary proceedings — Civil Practice Act, §§ 778 and
775, subd. 4, as amd., authorizing proceedings supplementary to
execution and examination of judgment debtor therein, has not changed
practice so as to make return of execution of Municipal Court of City
of New York by marshal thereof sufficient to support application for
examination of judgment debtor — statute does not give preference
to judgment creditor holding judgment rendered by Municipal Court of
City of New York — failure of affidavit on which examination of judg-
ment debtor was predicated to recite sufficient facts to sustain order
warrants discharge of judgment debtor.

Neither subdivision 4 of section 775 of the Civil Practice Act (as amd. by Laws
of 1922, chap. 550), authorizing proceedings supplementary to execution if the
judgment, on which the proceeding is predicated, was recovered in the Municipal
Court of the City of New York and the execution thereon has been issued to a
city marshal pursuant to sections 130 and 135 of the Municipal Court Code
of the City of New York, nor section 778 of the Civil Practice Act (as amd.
by Laws of 1923, chap. 384), which provides that where the judgment upon
which the execution was issued was recovered in the Municipal Court of the
City of New York such " proceeding shall be instituted before a justice of the
City Court of the City of New York or before a county judge of the county in
which such Municipal Court district is located," has changed the practice in
vogue before the jurisdiction of the Municipal Court of the City of New York
was extended under which a marshal's process was limited to the county wherein
he was appointed and the return of an execution by him unsatisfied was
insufficient to support an application for the examination of any judgment
debtor.   Under no circumstances do said sections, as amended, give a preference
to judgment creditors holding judgments rendered by the Municipal Court of
the City of New York over those of other courts and allow the examination
merely upon the return of a marshal's execution.

Before an order for the examination of a Municipal Court judgment debtor will
be granted it must appear, in addition to the usual jurisdictional facts required
to support an examination based upon judgments of other courts, that an
execution was duly issued upon the judgment and returned wholly or partially
unsatisfied by a marshal of the Municipal Court of the City of New York.

Accordingly, a bailable attachment issued out of the City Court of the City of New York against the judgment debtor herein upon his failure to appear for examination as to his property, for which failure he was charged with contempt and arrested, predicated upon an execution and a return thereof unsatisfied by a marshal of the Municipal Court of the City of New York, will be vacated and the judgment debtor discharged, where the affidavit upon which the original examination was ordered failed to disclose facts sufficient to sustain the order; all proceedings subsequent to the return of the marshal to the execution are void.

MOTION to vacate a bailable attachment issued out of this court.

*Meyer Marlow,* for the plaintiff.

No appearance for the defendant.

LA FETRA, J. An order in proceedings supplementary to an execution was granted which directed the debtor to appear for examination as to his property. Although served, he failed to appear, and an order to show cause issued to punish him as for a contempt. Upon his default the attachment followed. The debtor was arrested and arraigned before me when the aforesaid motion was made. The proceedings were predicated upon a judgment in favor of the creditor and against the debtor obtained in the Municipal Court, Borough of Manhattan, Third District, and an execution and a return thereto unsatisfied by a marshal of the court. The moving affidavits further disclose that the debtor resided in and had a place for the regular transaction of business in person in the county of New York.

The execution upon the return of which the proceedings supplementary to execution herein were based was issued to the marshal pursuant to section 135, subdivision 1, of the Municipal Court Code, which authorizes an execution upon a money judgment to be directed to a marshal to collect the amount thereof out of the personal property of the debtor.

Judgment creditors in a Municipal Court action, by virtue of sections 135 and 151 of the Municipal Code, are now afforded an opportunity to collect their judgments by execution out of the personal property of the debtor in any county within the territorial limits of Greater New York. This is a legal remedy, entirely distinct from the practice before the jurisdiction of the Municipal Courts was extended throughout Greater New York, now comprising five separate counties. Prior thereto the marshal's process was limited to the county wherein he was appointed and the return of an execution by him unsatisfied was insufficient to support an application for the examination of any judgment debtor. The execution to the marshal did not exhaust the legal remedies of the creditor as against the debtor's property, either real or personal. In order to do so it was necessary to file a transcript of the judgment

in the county of either the residence or place of business of the debtor and to issue the execution to the sheriff of the county against all the property of the debtor, except such as was exempt. Upon the return of the sheriff, showing the execution, wholly or partly unsatisfied, and other jurisdictional facts, the proceeding was maintainable. The filing of the transcript created a lien upon both the real and personal property of the debtor in the county, to the extent of the judgment, which could be satisfied in whole or in part by either a levy upon and sale of the personal property or the sale of the debtor's real estate under well-considered statutes. Such proceedings were either supplementary to or in aid of the execution to the sheriff after an endeavor to compel the creditor to exhaust his legal remedies. In their essential features they were substitutes for the former creditor's bill in equity and it was well settled that they could not be utilized until the creditor had pursued them to every available extent before resorting to the more drastic quasi-equitable remedy.

In the case of *Importers & Traders' National Bank of N. Y.* v. *Quackenbush* (143 N. Y. 567, 571–573), cited with approval in *Matter of Maltbie* v. *Lobsitz Mills Co.* (223 id. 227, 234), the court, O'BRIEN, J., clearly points out the equitable character of the proceedings, as well as the requirements as to the execution to the sheriff. (See, also, *First National Bank of Canandaigua* v. *Martin*, 49 Hun, 571, 573; *Moyer* v. *Moyer*, 7 App. Div. 523, 531.)

Statutes relating to executions and proceedings supplementary thereto or in aid thereof must be construed so as to give force and effect whenever possible to each and every one of them. (*Moyer* v. *Moyer, supra.*)

This motion strikes at the very root of the amendments to section 775, subdivision 4 (Laws of 1922, chap. 550), and the last sentence of section 778 of the Civil Practice Act (Laws of 1923, chap. 384), relating to these proceedings. Subdivision 4 reads as follows:

" 4. If the judgment was recovered in the Municipal Court of the City of New York, to a city marshal pursuant to sections one hundred and thirty and one hundred and thirty-five of the New York City Municipal Court Code," and the last sentence of section 778, as follows: " Where the judgment upon which the execution was issued was recovered in a Municipal Court of the City of New York, either special proceeding shall be instituted before a justice of the City Court of the City of New York or before the county judge of the county in which such Municipal Court district is located."

Did the Legislature intend to require the Municipal Court judg-

47

ment creditors to exhaust their legal rights by way of execution to a marshal against the personal property of the debtor in the five counties of New York, in addition to filing a transcript in the proper county and issuing the requisite execution to the sheriff before the order for the examination of the debtor, or did it intend to give a preference to such judgment creditors over those of other courts and allow the examination simply upon the return of a marshal's execution? To hold the latter would repeal by implication many of the sections of article 45 in its application to such judgments and would seem to be class legislation. To answer the former in the affirmative will clarify and harmonize the amendments with the article and the decisions of our courts of long standing construing the same.

I accordingly find that before an order is allowable for the examination of a Municipal Court judgment debtor it must appear, in addition to the usual jurisdictional facts required to support an examination based upon judgments of other courts, that an execution was duly issued upon the judgment and returned wholly or partly unsatisfied by a marshal of the Municipal Court.

The affidavit upon which the original examination was ordered failed to disclose sufficient facts to maintain the order. All proceedings subsequent to the return of the marshal to the execution are void. The motion is granted and the prisoner is discharged. Submit order.