———————— SCHWARTZBERG, Plaintiff, *v.* ———— WEISBLATT, Defendant.

City Court of New York, ——— ——— County, ———— —, 1929.

*Oltarsh & Snyder,* for the plaintiffs.

*Avery, Taussig & Fish,* for the defendants.

LA FETRA, Ch. J.   This is a motion in proceedings supplementary to execution to vacate an order for the examination of the debtors herein.   The order for their examination grows out of a judgment of this court.   The execution upon the judgment was directed to a marshal of the city of New York and was returned wholly unsatisfied.   It directs the debtors to appear in New York county for examination.   They reside in and have a place for the regular transaction of business in person in the county of Bronx.   The debtors urge the justice was without jurisdiction to issue the aforesaid order in that it directed them to appear for examination in New York county instead of the county of Bronx, in that the execution was issued to a marshal of the city of New York instead of having been directed to the sheriff of the county of Bronx.   They further contend that it can only be vacated by the justice who granted the same.   As the proceedings were upon a judgment of this court the execution should have been issued therefrom and the order should have provided for the examination of the debtors in the county of Bronx.   Whether the execution could have been

issued to the sheriff of the county of Bronx, as well as to a marshal for levy throughout Greater New York (Civ. Prac. Act, § 775, subd. 4; City Ct. Act, § 28; N. Y. Mun. Ct. Code, §§ 30, 151), need not at present be considered. It would have simplified matters to have issued the execution to the sheriff of the county of Bronx and based the examination upon a return of such an execution. In construing the amendments of 1911 (Laws of 1911, chaps. 558 and 831) to section 2434 of the Code of Civil Procedure (now Civ. Prac. Act, § 778) and those which sprung up as a modification their purpose must be borne in mind. It was, in the first instance, to relieve the Supreme Court of the First Judicial Department from the growing burdensome duty of conducting such proceedings arising from the numerous judgments of the Municipal Courts and to transfer the *examinations* to our court. The 1911 amendment (Laws of 1911, chap. 831) was to section 2434 of the Code of Civil Procedure and added the following sentence: " Where the judgment upon which the execution was issued was recovered in a Municipal Court of the City of New York, either special proceeding shall be instituted before a justice of the City Court of the City of New York." This section was transferred intact to the Civil Practice Act (Laws of 1920, chap. 925) and became section 778. This accomplished the purpose as far as the First Judicial Department was concerned. Then followed like relief to the Second Department upon the enactment of chapter 384 of the Laws of 1923, which added the the following phrase: " or before the county judge of the county in which such municipal court district is located." In 1911 the jurisdiction of our court extended throughout the old city and county of New York. In 1912 (Laws of 1912, chap. 548) said New York county was divided in two counties, the present county of New York and the county of Bronx, which were and still are coterminus with the First Judicial Department. Accordingly, these Supreme Court examinations in that department were held in our court until 1912, and then either in our court in New York county, or in the County Court of the county of Bronx, dependent upon the application of the facts to the provisions of section 2458, subdivisions 1, 2 and 3 of the Code of Civil Procedure (now Civ. Prac. Act, § 775). Then followed the act of 1923 (Laws of 1923, chap. 384) which relieved the Supreme Court of the Second Judicial Department, sitting in the counties of Queens, Kings and Richmond, from these examinations in proceedings supplementary to executions upon Muncipal Court judgments and transferred that duty to the County Courts. As to the remaining counties of the Second Department, article 45 of the Civil Practice Act, which covers such proceedings, remained intact. These five counties, New York, Bronx,

Queens, Kings and Richmond, now comprise what is known as "Greater New York." Before these amendments the procedure flowed from statutes as to District Courts, now Municipal Courts, and the then Code of Civil Procedure, which provided for the filing of transcripts of the judgments from said courts, whereupon they became judgments of the Supreme Court and, as before stated, the examinations were held in the Supreme Court. Subdivision 3 of section 131 of the New York City Municipal Court Code is a composite of such statutes. The judiciary article (Art. VI) of the New York State Constitution was amended by a vote of the people November 3, 1925. Sections 11 and 14 continued the County Courts of Bronx, Queens, Kings and Richmond with criminal jurisdiction, and the Court of General Sessions in New York County (New York county never having had a County Court) with like criminal jurisdiction, abolishing the civil jurisdiction of the County Courts. Section 15 (effective as of January 1, 1927) extended our court throughout Greater New York and clothed it with increased civil jurisdiction; in other words, separated the courts with jurisdiction over crimes from those with jurisdiction over civil rights. Chapter 578 of the Laws of 1926 amended the latter portion of the last sentence of section 778 by inserting after the words "county judge of the county" the following: "within the city of New York, in which the judgment debtor resides or has a place for the regular transaction of business in person." This amendment added nothing to the original intention of the Legislature. The subject was already fully covered in section 775, subdivisions 1, 2 and 3. Said sentence was further amended (Laws of 1928, chap. 644) by striking out the word "debtor" and inserting the word "creditor" and after the words "in person" inserting "or in which the judgment was entered." The said sentence now reads as follows: "Where the judgment upon which the execution was issued was recovered in a municipal court of the city of New York, either special proceeding shall be instituted before a justice of the city court of the city of New York or before the county judge of the county, within the city of New York, in which the judgment creditor resides or has a place for the regular transaction of business in person or in which the judgment was entered." Likewise, neither did the last amendment add or detract from the original intention, or repeal subdivisions 1, 2 and 3 of section 775. The reason for their enactment arose upon the addition of subdivision 4 to section 775 (Laws of 1922, chap. 550) which reads as follows: "4. If the judgment was recovered in the municipal court of the city of New York, to a city marshal pursuant to sections one hundred and thirty and one hundred and thirty-five of the New York City Municipal Court

Code." This section was considered in *Hecht* v. *Sanger* ([1926] 126 Misc. 735; revd., 128 id. 380). Had the Municipal Courts been classified as " courts not of record " as they were years ago, this amendment would have added nothing to the original intention, but being then courts of record, it had significance. But the Legislature overlooked the language and the procedure which brought forth the enactment of 1911. It provided that when the judgment upon which the execution was issued was recovered in a Muncipal Court of the city of New York, either special proceeding should be instituted before a justice of the City Court of the City of New York. The old city and county of New York was then coterminous with the First Judicial Department. After the enactment, upon filing a transcript of any judgment of a Municipal Court in that county, it became a judgment of the Supreme Court, the execution issued to the sheriff pursuant to subdivisions 1, 2 and 3 of section 775, and either after or before its return (§ 773, subds. 1, 2) the application for an order in such proceedings would lie. As before stated, the amendment to section 775, by adding subdivision 4, was to avoid making the judgment one of the Supreme Court and issuing the execution to the sheriff as was intimated in *Hecht* v. *Sanger* (*supra*). The marshals, however, had jurisdiction throughout Greater New York, and hence the additions to the last sentence of section 778 (*supra*). The original intention has now been completely changed as to the Municipal Court judgments, and instead of the creditor exhausting his legal remedies by execution issued to the sheriff against the *debtor* in the county in which said debtor resides or has a place for the regular transaction of business in person, or in which the transcript of the judgment was filed (§ 775, subds. 1, 2, 3), the place of residence or business of the *creditor* controls, and in case of non-residence, the place where the judgment was entered as distinguished from the place where the transcript was filed (Civ. Prac. Act, § 775, subd. 3; § 778, last sentence, and N. Y. Mun. Ct. Code § 131, subd. 3). This is a complete reversal of the underlying principles governing the enactment of article 45 which was, *inter alia*, to exhaust one's legal remedies in the county where the debtor's property was most likely to be found, before invoking the equity powers of the court by these quasi equitable proceedings, as well as to assist the sheriff by creating a lien upon real estate by the filing of the transcript. These later amendments to section 778 controlling the jurisdictional facts as to Municipal Court judgments should more properly have found a place in section 775 and not have been incorporated as amendments to section 778, which up to then treated of the place where and before whom these proceedings could be instituted. The amendment to the " New York City

Court Act" (Laws of 1926, chap. 539) anticipated the amendment to the judiciary article (Art. VI) of the New York State Constitution. Article VI, section 15, extended our jurisdiction throughout Greater New York and became effective as of January 1, 1927. Section 28 of the "New York City Court Act" for the first time provided for the issuance of an execution therefrom to a sheriff or a city marshal. Until then all executions from our court were issued to either the sheriff of the county of New York or of Bronx. The order for the examination of the debtors should at least have directed them to appear for examination in the county of Bronx. The reason for the repeal of section 787 (Laws of 1928, chap. 644) was apparently to allow an execution to a marshal and a return thereto from our court as a basis for these examinations. However, BIJUR, J., in *Franklin Simon & Co.* v. *Fisher* (133 Misc. 751), writing of section 787, said: "Under these circumstances, as C. P. A., section 786, gives the judge who grants the order discretion as to the place and manner of examination, and as the repeal of section 787 does not affect that discretion, I deem it the better course, in cases where it is of any moment, to exercise that discretion in accordance with the established practice of the last fifty years. Consequently, I shall direct the examinations to take place within the county of the residence or place of business, respectively, of the judgment debtors * * * to be examined." Furthermore, the amendment to section 775 by adding subdivision 4 and those to the last sentence of section 778 are only applicable to Municipal Court judgments. They do not repeal subdivisions 1, 2 and 3 of section 775, which govern the steps necessary to be taken before a justice acquires jurisdiction to entertain an application for an order in proceedings supplementary to execution upon a judgment of our court. Neither is the amendment to section 28 of the New York City Court Act, permitting an execution to issue to a marshal, sufficient for the purposes, when the various provisions of the Civil Practice Act are read together, as to said judgments of this court. Should all amendments to what is now section 778 of the Civil Practice Act subsequent to the one of 1911, and subdivision 4 of section 775 be stricken from the statutes, Municipal Court judgments would upon filing of the transcripts of the judgments become those of the Supreme Court. The former procedure would then be restored and the examinations would be held in one of the county divisions of our court in Greater New York and the original intention to free the Supreme Court from some of their enlarged duties be accomplished. This legislation since 1923 has confused two subjects, *i. e.*, the steps necessary to acquire jurisdiction (§ 775) and the place where or before whom the exam-

inations should be held (§ 778). Now, there is no reason why upon filing a transcript of a Municipal Court judgment in the county clerk's office of one of the county divisions of our court, it should not become a judgment of. our court. In that way, a lien could be created upon the debtor's property, both real and personal, and the examinations held in one of the county divisions of our court in Greater New York.' It might be well to create a similar lien in favor of our judgments, and thereby establish a uniform practice as a basis for proceedings supplementary to execution in both our court and that of the Municipal Courts, pursuant to section 775, subdivisions 1, 2 and 3. In urging the third point, that this court is without authority to vacate the order, the debtors rely upon *Matter of Ward* v. *Stoddard* ([1911] 70 Misc. 506; affd., 144 App. Div. 143); *Bamberger-Stern Co.* v. *Paris* ([1916] 159 N. Y. Supp. 647); *Chestnut* v. *Greenberg* ([1916] 162 id. 137); *Livingston* v. *Livingston* ([1917] 164 id. 419). These cases were decided prior to the Civil Practice Act, and interpreted sections 26 and 2433 of the Code of Civil Procedure. Section 2433 was continued without change in the Civil Practice Act, as section 774. Section 26 was continued with material changes, as section 78, and reads (the words italicized are the amendments added upon the enactment of the Civil Practice Act) as follows: " In the counties within the first and second judicial districts, a special proceeding instituted before a judge of a court of record or a proceeding commenced before a judge of the court out of court in an action or special proceeding pending in a court of record, *or an order made in any such proceeding* may be *amended, the time for service of an order therein, enlarged or extended or the proceeding* continued from time to time *or heard by or* before one or more other judges of the same court with like effect as if it had been instituted or commenced before the judge who last hears the same. *Any judge of the court shall have power to act in the matter at any stage of the proceeding as if he were the judge before whom the original proceeding had been begun.*" The cases in substance held that orders for examinations in proceedings supplementary to execution could only be vacated and modified by the judge of the court out of court who granted the same. They no longer apply to a judge of a court of record in the counties within the First and Second Judicial Districts. It does not, however, permit a justice to modify another justice's order by initialing changes therein as in *Matter of Ward* v. *Stoddard* (*supra*), a practice which had erroneously grown up in our court. The affidavit failed to present evidence of sufficient jurisdictional facts to permit the justice to entertain the application for the order. The motion to vacate is granted, with costs. Order signed.