In the Matter of Supplementary Proceedings: Florence Glickman, Judgment Creditor, *v.* Michel Kirtland, Receiver for Eighth and Ninth Avenues Railway Company, Judgment Debtor.

City Court of New York, New York County, December 1, 1931.

*Abraham Schnall*, for the judgment creditor.

*O'Brien, Boardman, Conboy, Menhard & Early*, for the judgment debtor.

RYAN, J. In this proceeding an order was made October 29, 1931, by Mr. Justice SCHIMMEL direting Michel Kirtland, as receiver for Eighth and Ninth Avenues Railway Company, to appear before him or one of the justices of this court at Special Term, Part II, on November fourth to be examined under oath concerning " its " property. Said Kirtland appeared specially on the return day and submitted affidavit to effect that he was receiver of the Eighth and Ninth Avenues Railway Company, appointed by order of District Court of United States for the Southern District of New York, which court had, and has, possession of the property of said railway company; that judgment in favor of plaintiff was entered October 14, 1931, for damages to automobile, based upon negligence of his employee on or about June 20, 1931. While the statute (U. S. Code, tit. 28, § 125) permits actions against receivers of any property appointed by any court of the United States in respect to any action or transaction of his in carrying on the business connected with such property without previous leave of court, it further provides that " such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

The judgment recovered in the action upon which these proceedings are based is, according to the best authority, conclusive as to the existence and amount of plaintiff's claim, but the time and manner of payment are within the control of the court appointing the receiver. (53 C. J. 362.) (See, also, *Willcox* v. *Jones*, 177 Fed. 870.) To enforce the judgment referred to herein in the manner

undertaken by the judgment creditor would be an interference with the right of the court appointing the receiver which retains control over the property during the period of the receivership and in violation of the injunction contained in the order appointing the receiver. In view of what has been said it follows that a valid execution could not issue. Only upon application to the appointing court may the judgment be enforced, upon which court devolves the adjustment of all the equities affecting the receivership and the time and manner of payment.

There is no force in the contention that the judgment debtor made voluntary appearance and submitted to the jurisdiction of the court. The order herein was granted *ex parte*, and the first opportunity the debtor had to be heard was on the return of the order, when he appeared and submitted an affidavit raising the question of the jurisdiction of this court. An objection to the jurisdiction of the court may be raised at any time. Judgment creditor further argues that the justice presiding at Special Term, Part II, is without authority to vacate the order herein which was made by Justice SCHIMMEL. Section 78 of the Civil Practice Act provides that in the counties within the first and second judicial districts a special proceeding instituted before a judge of a court of record or a proceeding commenced before a judge of the court out of court in an action or special proceeding pending in a court of record or an order made in any such proceeding may be amended, the time for service of an order therein enlarged or extended or the proceeding continued from time to time or heard by or before one or more other judges of the same court with like effect as if it had been instituted or commenced before the judge who last hears the same. Any judge of the court shall have power to act in the matter at any stage of the proceeding as if he were the judge before whom the original proceeding had been begun. The cases cited by the judgment creditor in support of this point were decided prior to the enactment of the Civil Practice Act and no longer apply to a judge of a court of record in the counties within the first and second judicial districts. (*Schwartzberg* v. *Weisblatt*, 133 Misc. 476, 481.)

The motion to vacate the order in supplementary proceedings is, therefore, granted. Order signed.