THE PEOPLE OF THE STATE OF NEW YORK, Respondent, Appellant, *v.* ROYAL DEVELOPMENT COMPANY, INC., and Others, Appellants, Respondents.

ARTHUR KILLIAN, Intervenor, Appellant; CHARLES MCLOUTH, JR., Receiver, Appellant, Respondent; ARTHUR KILLIAN and Others, Intervenors, Respondents.

Fourth Department, December 6, 1933.

*John J. Bennett, Jr., Attorney-General* [*James P. Cotter, Assistant Attorney-General*, of counsel], for the plaintiff.

*Killian & Knowles* [*Basil Robillard* of counsel], for the intervenors Killian and others.

*Raymond R. McGee* [*Frank G. Raichle* of counsel], for the defendant Royal Development Company.

*Stanchfield, Collin, Lovell & Sayles* [*Halsey Sayles* of counsel], for the receiver Chemung Canal Trust Company.

*Eugene J. Dwyer*, for the receiver Charles McLouth, Jr.

*Maurice I. Yellen*, for the intervenors Marietta Walsh Shea and others.

LEWIS, J. This action is brought under article 23-A of the General Business Law, commonly known as the Martin Act.

The complaint, which was served in January, 1931, seeks to restrain certain alleged fraudulent practices by the defendant Royal Development Company, Inc., its officers, directors and salesmen, and for the appointment of a receiver of certain property of defendant company within the State of New York. The acts of which complaint is made relate to alleged false representations in connection with the sale of securities of the defendant company, the business of which is the mining of copper and other ores in the State of Washington.

The original defendants interposed no answers. On October 2, 1931, upon a stipulation by the defendant company, final judgment of injunction was entered which also provided for the appointment of Chemung Canal Trust Company and Charles McLouth, Jr., receivers of the defendant company's property within the State.

For the purpose of these appeals we may disregard various intermediate orders which were made for the instruction of the receivers during the period of administration. On January 4, 1933, the defendant company applied for an order requiring the

two receivers to account and to turn back to the company approximately $1,500,000 of securities and certain other property held by them. By cross-motion the receiver Chemung Canal Trust Company applied for an order directing it to give notice to any security holders who might wish to intervene for the purpose of ascertaining their rights, if any, to the assets in the hands of said receivers under section 353-a of the General Business Law. Following hearings upon these motions and on June 1, 1933, an order issued directing the receivers to account and providing that notice be given to any security holder who claimed fraud by the defendant company or its agents in the sale of its securities. Thereafter notice of appearance and answers for numerous intervenors were served.

Then followed the order of September 15, 1933, with which we are particularly concerned upon this appeal. That order provides that the defendant company, its officers, agents and employees, are restrained from removing from the State any of its records relating in any manner to the affairs of said company or the issuance or sale of its securities and further restrains said defendants from removing from the State any of the bonds, securities, evidences of debt or funds forming any part of the guaranty fund of the defendant company. The order also directed that the service upon the intervenors as defendants herein of the original complaint or any supplemental or amended complaint, be dispensed with, and in the event proof of facts shall become advisable in this cause, the intervenors, defendants, shall not be restricted in such proof by reason of allegations in the plaintiffs' complaint.

The receiver Charles McLouth, Jr., appeals from so much of said order as provides that "the Attorney-General may make such proof within the issues as he desires in aid of the intervenors." In support of this appeal the receiver contends that the functions of the Attorney-General came to an end on October 2, 1931, when he secured a judgment enjoining the defendant from any practice which contravened article 23-A of the General Business Law and provided for appointment of receivers of certain assets of the defendant company within the State. It is contended that after October 2, 1931, the litigation was between the receivers and any intervenors who may claim an interest in the property in the hands of the receivers.

We dismiss the appeal by the receiver, appellant, upon the ground that as such receiver the appellant is in no way " aggrieved " by the judgment in question. (Civ. Prac. Act, § 557; *Dudley* v. *Perkins*, 235 N. Y. 448, 457.)

Upon such dismissal we record our belief that the participation

of the Attorney-General in the trial of this action should be limited to proof of those facts alleged in the complaint and matters incidental thereto.

The defendants, intervenors, and the Attorney-General appeal from that part of said order which provides:

"*Further ordered* that all security holders of Royal Development Company who have intervened in this action serve a copy of their pleadings, sworn to under oath by said intervenors, on the Royal Development Company at the office of its attorney, Raymond R. McGee, Esq., 505 Fifth Avenue, City and State of New York, on or before October 20th, 1933, setting forth the basis and details of their claim to title or interest in the property of Royal Development Company in the hands of the receivers herein, including the following:

" 1. The name of the security and the amount.

" 2. The person or persons from whom purchased with the name of the salesman.

" 3. The date of each said purchase, stating separately whether purchased through an accepted order, upon options to purchase or by direct sale or subscription.

" 4. The contract or agreed price on each said security.

" 5. The amount paid to date on each said security.

" 6. The alleged fraud practiced by defendant, Royal Development Company, including alleged false representations, if any, and by whom and when made and a statement showing their falsity; and in the event the security holder claims to be without information as to any of the facts required to be set forth in answer to the questions herein designated 1 to 6 inclusive, then the said security holder shall state his inability to provide any such information because he is without such information; and, in the event that he shall have served his pleading, then the foregoing particulars shall be set forth in a bill of particulars verified by said intervenor, and it is   *   *   *."

The appellants have withdrawn their objections to the items quoted above, numbered " 1," " 3," " 4 " and " 5." They object only to those items numbered " 2 " and " 6," their claim being that to intervene is a matter of right which cannot be burdened with conditions imposed by the court.

Under section 353-a of the General Business Law and the provisions of the Special Term order of June 1, 1933, which is a part of the record before us, the intervenors are permitted to give proof to establish their title to or interest in the property in the possession of the receivers. The petitions for leave to intervene, which are of record before us, allege fraudulent transactions arising in con-

nection with the purchase by the intervenors of the defendant company's securities. Under the allegations of their petitions no prejudice results to the intervenors from the requirements fixed by items " 2 " and " 6 " quoted above, which were within a reasonable exercise of the discretion with which the statute endows the Special Term.

This court is urged by a number of intervenors, appellants, to outline a definite procedure to be followed by the Special Term in the trial of their claims. We must decline to take such action upon a matter which we believe to be within the discretion of the Special Term and as to which the statute wisely gives wide latitude. (Gen. Bus. Law, § 353-a.)

The order of the Special Term is affirmed, without costs.

All concur.

Appeal by receiver dismissed, without costs. Order so far as appealed from by intervening defendant affirmed, without costs on this appeal.