## The Kingston National Bank v. Naveen et ux.

Before Valentine, P. J., Flannery and Pinola, J. J.

*John L. McDonald* and *Bernard J. Podcasy*, for plaintiff.

*Nathan Hyman* and *Paul R. Orrson*, for defendants.

FLANNERY, J., April 6, 1951.—Plaintiff entered judgment on a note with confession to October term, 1927, no. 1605, in the amount of $3,400. This note was revived from time to time, namely to October term,

1932, no. 1205, October term, 1944, no. 997, (sci. fa. sur judgment) and July term, 1949, no. 571.

Judgment was entered upon a prior revival, namely, October term, 1944, no. 997. Writ of fieri facias issued March 25, 1949. The sheriff's return indicates levy upon numerous articles of personal property, as of March 30, 1949, all of which are claimed in an interpleader filed April 13, 1949, by Lillian Cantor, Virginia Nelson, Harry L. Naveen and Maurice Naveen. This interpleader proceeding is still pending although counsel for plaintiff appears to have abandoned its claim against the goods interpleaded and state so in their brief filed in this matter. On October 31, 1950, the sheriff directed to return writ "Stayed", John L. McDonald, attorney for plaintiff. The same day, namely, October 31, 1950, alias writ of fieri facias issued against defendants, to which the sheriff made a return of "Nulla Bona". Petition to discover property and order of court, in accordance with the provisions of Act of May 9, 1913, P. L. 197, 12 PS §2242, filed of record on May 5, 1950.

Preliminary objections and motion to strike off petition were filed May 12, 1950, on behalf of defendants, and case came on for argument.

The only question in the case at bar is whether the Act of 1913, P. L. 197, sec. 1, has been strictly complied with, that the execution as to the personal property has been exhausted where the sheriff, without ascertaining if defendants had property subject to the execution, makes a return of "Nulla Bona".

Paragraph 5 of the petition reads as follows:

"That your petitioner is informed, believes, and therefore avers that the said defendants possess property which should be applied towards the payment of the said judgment."

The petition concludes with the following prayer:

"Wherefore your Petitioner prays that the said Defendants be order to appear before your Honorable Court and there to make answer to such questions as may be put to them in regard to any property that they may own, which should be made subject to the payment of the said judgment."

Attached to the petition is an order which the court was requested to make, requiring defendants to appear before the court on a specified date "and there to answer such questions as may be put to them in regard to any property, real or personal, that they may have or that should be made subject to said execution in accordance with the provisions of the Act of May 9, 1913, P. L. 197".

Section 1 of the act reads as follows:

"Be it enacted, etc., That in any case in which a final judgment has been or may hereafter be recovered in any court of record in this Commonwealth, upon which an execution has been issued, *and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution,* upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order to the same number and term requiring the judgment debtor to attend, and be examined orally, after being duly sworn or affirmed true answers to make concerning his property, before the court, at such time and place as the court may appoint. The attendance of the debtor for the purposes of said examination may be enforced by said court by subpoena and attachment, as in the case of other witnesses." (Italics supplied.)

It should be remembered, however, that plaintiff has two writs of execution outstanding. There is a writ of execution upon which the sheriff has made a levy, and upon which an interpleader is pending. Plaintiff then

stayed this writ and issued an alias writ of fi. fa., which the sheriff has returned "Nulla Bona".

In Mangan v. Smith, 71 D. & C. 38, the court discusses the Act of 1913, supra, at length, and points out that a return of "Nulla Bona" does not entitle plaintiff to bring a proceeding of discovery. At pages 42 and 43 the court said:

"It is apparent upon the record that such process has not been exhausted. 'Nulla bona' means no goods. Its etymological meaning and its meaning in law do not differ. When used in a sheriff's return it means 'The return made to a writ of *fieri facias* by the sheriff, when he has not found any goods of the defendant on which he could levy.' 'A return of "Nulla bona" has a well-defined meaning in the law. It signifies that the officer made strict and diligent search and was unable to find any goods of the defendant liable to seizure under the writ.' Such has been the meaning of the phrase from time immemorial. No Act of Assembly gives it a different meaning. Custom cannot alter its legal significance. . . .

"To recapitulate:—The return, 'nulla bona' does not comply with the mandate of the writ issued in the instant case. It is not 'in form appropriate to the writ, and as a matter of law sufficient'. *Since the process provided by the Act is available only when the sheriff makes a return 'to the effect that property cannot be found sufficient to satisfy the said judgment and execution', it is evident that the process by execution has not been exhausted in the instant case.*

"There is, therefore, no authority conferred by the Act upon the court to grant the prayer of the petition. Accordingly, it is required that the petition be dismissed." (Italics supplied.)

The court also said at page 42:

". . . Upon principle and the nature and purpose of this supplementary process the Act calls for strict con-

struction. The process of execution must be exhausted before the proceedings supplementary to the execution are authorized to be instituted."

The sheriff is the execution officer of the court and as such is charged with the duty of making return to the mandates of its writs. The return shall be in form appropriate to the writ and as a matter of law sufficient: Dixon v. White Sewing Machine Co., 128 Pa. 397.

The basis for the petition is the return of the sheriff to an execution writ, "to the effect that property cannot be found sufficient to satisfy the said judgment and execution". The term "property" is a generic term embracing both real and personal property: Mangan v. Smith, supra.

In the case at bar, the return was as follows:

"After due and diligent search no goods or chattels of the within defendants Abe Naveen and Bessie Naveen can be found in my bailiwick.

"I now return Nulla Bona as to the within writ.
"So Answers,
"Robert Sherrock, Sheriff
"By *Anthony F. Zuchoski*
Deputy"

The return on its face indicates that no effort was made by the sheriff to ascertain if defendants had any property subject to the execution. This court is of the opinion that the return was not a complete return and if recognized as such justifying supplementary proceedings, the intent of the act would be nullified. In the case of Importers and Traders National Bank of New York v. Quackenbush, 143 New York 567, 38 N. E., 728, 729, it was held that it is necessary before a judgment creditor institutes supplementary proceedings that an execution be issued which is effective to exhaust all remedies at law available to plaintiff, and that it is not enough that forms are observed by the

return of an execution which is not effective to reach all of the debtor's property. See also Hecht v. Sanger, 126 Misc. 735; 215 N. Y. S. 409.

An order for oral examination of a judgment debtor, pursuant to the Act of 1913, P. L. 197, supra, requires execution against both real and personal property of defendant and a return by the sheriff that none can be found sufficient to satisfy the judgment and execution; the burden is upon the judgment creditor to show strict compliance with the statute before he may invoke the supplementary proceedings which it provides: Commonwealth, to use, v. Schiff, 52 D. & C. 515. To the same effect is Fidelity-Philadelphia Trust Co., Exec., v. Miller, 29 D. & C. 282.

Accordingly, now, April 6, 1951, defendants' preliminary objections are sustained and rule granted to show cause why petition to discover property should not be stricken off is made absolute. Petition for discovery dismissed.