Jacob Markowitz, J.
The moving parties herein, having obtained leave by court order to sue the receiver and his agent in this foreclosure action have recovered judgments in the Municipal Court for excessive rent charges. From these judgments the receiver has appealed to Appellate Term. Because of his special status, the receiver did not post a bond to stay execution pending appeal (1ST. Y. City Mun. Ct. Code, § 159), and the movants as judgment creditors are hesitant to enforce the judgment by execution because such a move might be in contempt of court. They therefore request at this stage the following relief: (1) a direction to the receiver and his agent to discontinue their appeals or file the security required by section 159, or satisfy the judgments, or if that ¡be denied, (2) permission to levy against the receivership fund or in the event of affirmance on appeal granting their claim a priority over all others against said fund including receiver's adminis *54 tration expenses, or if that be denied (3) a direction to the receiver that in the event of reversal on appeal and remanding for a new trial to stipulate for a discontinuance without costs.
Despite the volume of papers presented on behalf of the movants, it is the opinion of the court that there is no basis in law or equity for the relief sought.
It is well settled that property held by a receiver is in custodia legis and cannot be reached by execution or otherwise. The only effect of a judgment after leave to sue a receiver is obtained is to establish the claim as a valid existing indebtedness of the receivership which along with all other claims may be proved and allowed in the distribution of the estate. (45 Am. Jur., Receivers, § 475; Matter of Glickman v. Kirtland, 142 Misc. 313.) Movants’ attempt to assert a priority at this stage must be regarded as premature, since their priority can be determined ultimately only upon the liquidation of the estate.
The attempt by movants to bar the receiver from prosecuting the appeal or to have the court impose unnecessary restrictions upon him with respect to the appeal is also without merit. It has already been pointed out that the receivership fund is not subject to execution. To require the receiver to post a bond to stay an execution which is already stayed by law would not only be a futile act, but would impose an unnecessary expense on the receivership estate. There is no question that as a il party aggrieved ” the receiver has a right to appeal the summary judgments against him. (Civ. Prac. Act, § 557; People v. St. Nicholas Bank, 77 Hun 159; cf. People v. Royal Development Co., 239 App. Div. 518.) Absent any showing of abuse of that right, the court will not interfere with its assertion.
Movants also point to a prior order of this court requiring the receiver to file his accounting “ within ten days after final determination ” of the Municipal Court actions, and contend that such final determination is the entry of judgment and not decision on appeal. Upon reading the order referred to, however, it is the court’s opinion that its intent was to order an accounting after the ultimate establishment of the claim asserted, and not require possible multiple accountings.
Motion is in all respects denied.