OPINION OF THE COURT
Phillip R Rumsey, J.
This seemingly straightforward action, brought by a linen rental and laundry service against a nursing home to recover over $135,000 allegedly due and unpaid for services rendered, is complicated by the fact that the home has recently turned its operation and its assets over to a temporary receiver, pursuant to a contract entered into by the home, the receiver Peregrine Health Management Company (hereinafter Peregrine), and the Department of Health. Peregrine seeks permission to intervene in the action and to serve an answer on behalf of Lakeside (which has defaulted in appearing), and for a stay of all proceedings pending the termination of the receivership. Plaintiff opposes all aspects of Peregrine’s motion, and cross-moves for a default judgment against defendant Lakeside Nursing Home, Inc. (hereinafter Lakeside) for the portion of the debt that was assertedly incurred prior to the commencement of the receivership, and severance of the remainder of its claim (which arises from services rendered after the receivership began).
The receivership contract contains several provisions dealing with Lakeside’s prereceivership debts. It expressly provides that Lakeside shall remain liable for such liabilities, and that “[njothing [therein] shall be construed to diminish any rights that any [third party] may have to proceed against [Lakeside] with respect to financial obligations arising out of transactions occurring prior to the date [of the contract]” (affidavit of Louise *486 M. Thurlow, Esq., dated Mar. 8, 2001, exhibit D [receiver agreement], ffi[ 3.9, 3.10; cf., i[ 2.5 [with respect to Lakeside’s possible failure to satisfy outstanding obligations, the agreement shall not be construed “in a manner inconsistent with applicable law governing receiverships”]). And, while the receiver is authorized to negotiate and/or settle any of Lakeside’s outstanding liabilities or obligations, Lakeside has also expressly reserved its right to contest or dispute any asserted liability.
The agreement also addresses the potential encumbrance of Lakeside’s property during the term of the receivership, by requiring, inter alia, that Lakeside promptly take whatever action is necessary to remove any such encumbrance resulting from an “execution or attachment” upon such property that arises from a prereceivership obligation “unrelated to the operation of the facility” (id., [f 3.3). No such requirement is imposed with respect to liens or encumbrances arising from debts, such as those at issue here, that are related to the operation of the facility.
The mere fact that some or all of a debtor’s assets have been placed into receivership does not necessarily preclude the commencement of suit against the debtor directly. A mortgagor may be sued to judgment by other creditors, despite the fact that his or her only asset may be the mortgaged property that has been placed under the control of a receiver. The existence of the receivership affects only the extent to which the resulting judgment may be enforced against the receivership estate itself; it does not preclude a suit against the debtor to recover upon debts that preexisted the receivership.
In determining whether it is appropriate to allow the receiver to intervene in such an action, it is necessary to consider the nature of the receivership, the interests intended to be protected thereby, and the impact that a judgment in plaintiff’s favor might have upon those interests. It is apparent from the terms of Lakeside’s receivership agreement itself, as well as from the overall thrust of the statute sanctioning such an arrangement (see, Public Health Law § 2810 [1]), that the receiver’s chief concerns are protecting the welfare of the facility’s patients and, in connection therewith, ensuring the facility’s continued existence through a smooth transfer of operations to a new operator. The new operator would either purchase or lease, from the current owners, the real property and equipment necessary to run the facility. Thus, while those assets may actually be owned by Lakeside, and any encum *487 brance thereon would not, without more,[1] affect the receiver’s right to possession as established by the agreement, the receiver nevertheless has a legitimate interest in protecting Lakeside’s assets from the imposition of liens and other encumbrances, which may decrease the likelihood of attracting a potential purchaser and thereby affect the patients’ welfare.
Consequently, inasmuch as any judgment that might be obtained in this action could arguably affect the value or marketability of property within the receiver’s possession and control, and thereby indirectly impinge upon the receiver’s ability to carry out its mandate (even if such judgment or any resulting lien could not be enforced against said property during the receivership), the Court finds that the receiver should be permitted to intervene in this proceeding, and serve an answer on behalf of itself and those whose interests it is charged with protecting.[2]
Moreover, although Lakeside has technically defaulted in answering the complaint, its principals might reasonably have believed, given the prevailing circumstances, that their interests were being protected by the actions of Peregrine’s counsel, including his interposition of the present motion to serve an answer on their behalf. Accordingly, Lakeside shall be afforded an additional 20 days (from service of this order with notice of its entry) to answer the complaint, and plaintiff’s motion for a default judgment is denied.
Insofar as the receiver has argued that the action must be dismissed due to plaintiff’s failure to obtain court permission to sue a receiver, the Court is not convinced that judicial sanction is necessary to bring an action against a receiver who has assumed that position by consent and without court appointment (cf., Copeland v Salomon, 56 NY2d 222, 228 [referring to the rule that leave must be obtained from “appointing court”]; Independence Sav. Bank v Triz Realty Corp., 100 AD2d 613, 614 [same]). In any event, however, the Court would be inclined to grant such permission nunc pro tunc (and without penalty) to the extent that it were necessary (see, Copeland v *488 Salomon, supra, at 230). In this regard, it bears noting that while the receiver has been granted leave to intervene, due to the indirect effects of a possible judgment against Lakeside, the bulk of plaintiff’s claims relate to obligations that are, by the express terms of the agreement, not liabilities of the receivership (but rather, those of Lakeside alone), and as a result plaintiff — not unreasonably — actually brought suit against Lakeside only. Having affirmatively sought to intervene in the action, the receiver cannot now argue that the case should be dismissed, or a sanction imposed, because plaintiff did not seek permission to sue an entity that it did not sue, and — again, not unreasonably — did not believe was responsible for the debt at issue.
Lastly, the receiver asks that the proceedings be stayed pending termination of the receivership, suggesting that the entry of judgment in plaintiff’s favor will render the assets within the receivership subject to execution or restraint. The Court is not persuaded, however, that a stay is necessary at this juncture, in light of the fact — conceded by plaintiff — that no action may be taken to enforce a judgment against Lakeside by proceeding against any assets that are within the control of the receiver (see, Bufford v Bradshaw, 20 Misc 2d 53).
In sum, Peregrine’s motion is hereby granted in part, to the extent that it is permitted to intervene in the action, and it is afforded 20 days (from service of this order with notice of its entry) to file and serve its answer to the complaint; said motion is otherwise denied; plaintiff’s cross motion for a partial default judgment and severance is denied; and Lakeside Nursing Home is granted an additional 20 days (also from service of this order with notice of its entry) to file and serve an answer to the complaint.

. For example, an attempt to foreclose thereon, or otherwise enforce a judgment through attachment or levy upon property possessed by the receiver.

. Insofar as the proposed answer seeks dismissal for failure to join the receiver as a necessary party, such relief is clearly not warranted, in light of the receiver’s voluntary appearance and request for intervention, which has been granted (cf, CPLR 1001 [b] [dismissal may be appropriate where necessary party cannot be joined]).